**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ROBERT F. PETRONE, ESQUIRE**<br>823½ S. Howard Street<br>Philadelphia, PA 19147<br>Plaintiff,<br>**v.**<br>**CITY OF PHILADELPHIA, OFFICE OF THE DISTRICT ATTORNEY**<br>Three South Penn Square<br>Philadelphia, PA 19107<br>Defendant. | **Civil Action No. __________**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Robert F. Petrone, Esquire, proceeding *pro se*, alleges as follows:

## I. NATURE OF THE ACTION

1. This is an action for employment discrimination, failure to accommodate religion, disparate treatment based upon religion, retaliation, and discriminary discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

2. Plaintiff was employed by Defendant as an Assistant District Attorney from December 1998 until his termination during the COVID-19 injection mandate period.

3. Plaintiff is a practicing Catholic whose sincerely held religious beliefs prevented him from receiving a COVID-19 injection and from participating in mandatory COVID-19 testing.

4. Plaintiff provided Defendant with detailed written notice of his religious beliefs and requested a religious accommodation.

5. Defendant denied Plaintiff's request, failed to engage in a meaningful interactive process, placed him on involuntary leave, disabled his building access, and ultimately terminated his employment.

6. On September 25, 2024, the Equal Employment Opportunity Commission issued a Letter of Determination finding reasonable cause to believe Defendant violated Title VII by failing to accommodate Plaintiff's religion and by treating Plaintiff less favorably than another similarly situated employee.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

8. Venue is proper in the Eastern District of Pennsylvania because the unlawful employment practices occurred in Philadelphia, Pennsylvania.

9. Plaintiff exhausted all administrative remedies.

10. Plaintiff filed EEOC Charge No. 530-2022-02928.

11. After investigation, the EEOC issued a Letter of Determination finding reasonable cause to believe Defendant violated Title VII.

12. Conciliation efforts were unsuccessful.

13. On May 27, 2026, the United States Department of Justice issued Plaintiff a Notice of Right to Sue.

14. Plaintiff received a Notice of Right to Sue from the United States Department of Justice dated May 27, 2026 and has commenced this action within ninety days of receipt.

## III. PARTIES

15. Plaintiff Robert F. Petrone is an adult resident of Philadelphia, Pennsylvania.

16. Plaintiff was employed by Defendant as an Assistant District Attorney beginning in December 1998.

17. Defendant City of Philadelphia, Office of the District Attorney, is a governmental employer within the meaning of Title VII.

## IV. FACTUAL ALLEGATIONS

18. Plaintiff is a lifelong Catholic Christian.

19. Plaintiff was baptized in the Catholic Church and received the Sacraments of First Reconciliation, First Eucharist, and Confirmation.

20. Plaintiff remains active in the Catholic faith and has served as a church cantor, lector and eucharistic minister.

21. In 2021 Defendant adopted a COVID-19 injection mandate applicable to non-union employees.

22. On December 21, 2021, Plaintiff submitted a written request for a religious exemption.

23. Plaintiff explained that his sincerely held religious beliefs required him to preserve the integrity of his body as a temple of the Holy Spirit and prohibited him from receiving a COVID-19 injection.

24. Plaintiff cited Catholic teachings, Scripture, and religious authorities in support of his request.

25. Plaintiff advised Defendant that the mandate conflicted with his religious beliefs and conscience.

26. Defendant required Plaintiff to provide extensive religious information concerning his beliefs and practices.

27. On March 7, 2022, Defendant formally denied Plaintiff's request.

28. Defendant asserted that Plaintiff had not established a legally valid religious exemption.

29. Defendant further asserted that accommodations would create an undue hardship.

30. Defendant informed Plaintiff that unless he submitted to a COVID-19 injection he would be placed on "Unvaccinated Leave."

31. Plaintiff objected and advised Defendant that unpaid leave was not a reasonable accommodation under Title VII.

32. On March 21, 2022, Defendant disabled Plaintiff's building access credentials.

33. Plaintiff was excluded from the workplace.

34. Defendant subsequently separated Plaintiff from employment.

35. Throughout this period Plaintiff sought accommodation of his religious beliefs.

36. Defendant never offered Plaintiff a reasonable accommodation that would allow him to continue working while honoring his religious beliefs.

37. Defendant failed to engage in a meaningful interactive process regarding accommodation.

38. On April 6, 2022, Plaintiff filed a Charge of Discrimination with the EEOC.

39. Defendant responded to the EEOC by admitting that all religious exemption requests had been denied.

40. Following investigation, the EEOC issued a Letter of Determination dated September 25, 2024.

41. The EEOC determined that there was reasonable cause to believe Defendant violated Title VII.

42. The EEOC found reasonable cause to believe Defendant failed to engage in the interactive process and failed effectively to accommodate Plaintiff's religion.

43. The EEOC further found reasonable cause to believe Defendant afforded more favorable treatment to another employee who was granted a religious accommodation.

44. Conciliation efforts were unsuccessful.

45. The matter was referred to the Department of Justice.

46. On May 27, 2026, the Department of Justice issued Plaintiff a Notice of Right to Sue.

47. As a direct and proximate result of Defendant's conduct, Plaintiff suffered loss of employment, loss of wages, loss of benefits, emotional distress, humiliation, inconvenience, and other damages.

**COUNT I: Religious Discrimination (Title VII)**

48. Plaintiff incorporates all preceding paragraphs.

49. Plaintiff held sincere religious beliefs that conflicted with Defendant's COVID-19 injection requirement.

50. Defendant knew of those beliefs.

51. Defendant denied accommodation and terminated Plaintiff because of conduct arising from those beliefs.

52. Defendant discriminated against Plaintiff because of religion in violation of Title VII.

**COUNT II: Failure to Accommodate Religious Beliefs (Title VII)**

53. Plaintiff incorporates all preceding paragraphs.

54. Plaintiff notified Defendant of the conflict between his religious beliefs and the COVID-19 injection mandate.

55. Plaintiff requested accommodation.

56. Defendant failed to provide a reasonable accommodation.

57. Defendant failed to engage in a meaningful interactive process.

58. Defendant violated Title VII.

**COUNT III: Disparate Treatment Based Upon Religion (Title VII)**

59. Plaintiff incorporates all preceding paragraphs.

60. Defendant treated Plaintiff less favorably than other similarly situated employees.

61. Defendant provided accommodation to at least one employee of another faith while denying accommodation to Plaintiff.

62. Defendant's actions constitute unlawful religious discrimination.

**COUNT IV: Retaliation**

63. Plaintiff incorporates all preceding paragraphs.

64. Plaintiff engaged in protected activity by requesting religious accommodation and filing EEOC charges.

65. Defendant subsequently disabled Plaintiff's building access, excluded him from the workplace, and terminated his employment.

66. Defendant's actions were materially adverse.

67. Defendant retaliated against Plaintiff in violation of Title VII.

**COUNT V: Sex Discrimination (Title VII)**

68. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

69. Plaintiff is male.

70. Plaintiff was qualified for his position as an Assistant District Attorney and had served in that position since December 1998.

71. Plaintiff requested a religious accommodation from Defendant's COVID-19 injection mandate.

72. Defendant denied Plaintiff's request for religious accommodation.

73. Defendant thereafter placed Plaintiff on "unvaccinated leave," disabled his access to the workplace, and ultimately terminated his employment.

74. During the EEOC's investigation, evidence was developed concerning a similarly situated female employee of Defendant.

75. The female employee, Rachel Spivack, refused the COVID-19 injection on religious grounds.

76. Ms. Spivack was employed by Defendant during the same relevant period as Plaintiff.

77. Ms. Spivack and Plaintiff were similarly situated in that both were employees subject to Defendant's COVID-19 injection mandate and both asserted religious objections to injection.

78. Despite its refusal to accommodate Plaintiff, Defendant offered Ms. Spivack a remote-work accommodation involving appellate litigation.

79. Defendant did not offer Plaintiff a comparable remote-work accommodation or any other effective accommodation that would have allowed him to continue working while observing his religious beliefs.

80. Defendant treated Plaintiff less favorably than a similarly situated female employee.

81. Defendant's disparate treatment of Plaintiff was because of his sex, male.

82. As a direct and proximate result of Defendant's conduct, Plaintiff suffered loss of employment, loss of wages, loss of benefits, emotional distress, humiliation, and other damages.

83. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## DAMAGES

84. Plaintiff has suffered and continues to suffer:

a. Lost wages;
b. Lost benefits;
c. Lost retirement and pension-related earnings;
d. Emotional distress;
e. Humiliation and embarrassment;
f. Loss of professional opportunities;
g. Litigation expenses and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and award:

A. Back pay;
B. Front pay or reinstatement;
C. Compensatory damages;
D. Punitive damages to the extent permitted by law;
E. Prejudgment and post-judgment interest;
F. Costs of suit;
G. Such costs and litigation expenses as are recoverable by law;
H. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

DATE: 8/14/26

**Robert F. Petrone, Esquire**
Plaintiff, Pro Se
823½ S. Howard Street
Philadelphia, PA 19147
Telephone: 215-868-9425
Email: robertpetrone@yahoo.com

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** ROBERT F. PETRONE, ESQUIRE
823½ S. Howard Street
Philadelphia, PA 19147

**DEFENDANTS** CITY OF PHILADELPHIA,
OFFICE OF THE DISTRICT ATTORNEY
3 S. Penn Sq., Phila., PA 19107

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se

Attorneys *(If Known)* Schnader, Harrison Segal & Lewis LLP
1600 Market St., Ste. 3600
Phila., PA 19103-7286

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e et seq. (Title VII of the Civil Rights Act of 1964)

Brief description of cause:
Religious discrimination, failure to accommodate, retaliation, sex discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 300,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE N/A DOCKET NUMBER N/A

DATE Aug. 14, 2026

SIGNATURE OF ATTORNEY OF RECORD Robert F. Petrone

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE